**United States District Court**
**District of Massachusetts**

| | | |
|---|---|---|
| **Jose Baltazar Hernandez Lemus,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**Antone Moniz, et al.,**<br><br>**Respondents.** | ) | **Civil Action No.**<br>**26-14451-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Jose Baltazar Hernandez Lemus ("Hernandez Lemus" or "petitioner"). Petitioner contends that he is being detained by Antone Moniz and other named respondents ("respondents") in violation of his due process rights as a non-citizen. He avers that respondents failed to provide him with a constitutionally adequate bond hearing in violation of his due process rights. Respondents oppose the petition (Docket No. 6) on the grounds that petitioner's removal order is now final and his detention under 8 U.S.C. §1231(a)(2) is authorized by statute and constitutional. For the following reasons, the petition will be denied.

## I. <u>Background</u>

Petitioner is a citizen of El Salvador. He entered the United States without inspection in May 2008. On April 17, 2026, he was arrested and charged with operating a motor vehicle under the influence of alcohol. On July 10, 2026, the Department of Homeland Security ("DHS") detained petitioner and initiated removal proceedings against him.

On July 13, 2026, petitioner filed a petition for a writ of habeas corpus with this Court contesting the legality of his detention. This Court granted the petition three days later, directing respondents to provide petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. §1226.

On July 27, 2026, an Immigration Judge ("IJ") concluded that petitioner posed a danger to the community by clear and convincing evidence, based upon his open criminal charges, and accordingly, denied his bond request. Two weeks later, petitioner was found not guilty of his criminal charges in Massachusetts state court.

On September 2, 2026, an IJ found petitioner removable, denied his applications for asylum, withholding of removal and protection under the Convention Against Torture and ordered him removed to El Salvador. Petitioner reserved his right to appeal that order to the Board of Immigration Appeals ("BIA"), and his

appeal was due to be filed on October 2, 2026. Petitioner also requested a new bond hearing with the Immigration Court based on the changed circumstances in his criminal matter.

On September 18, 2026, an IJ again denied bond on the grounds that petitioner posed 1) a flight risk because of his lack of status and 2) a danger to the community based on his history of drunk driving, including the most recent collision from which the dismissed charges arose.

Petitioner filed the present petition for writ of habeas corpus on September 29, 2026, alleging that the September 18 hearing did not satisfy the due process requirements set forth by the First Circuit. See Hernandez-Lara v. Lyons, 10 F.4th 19, 36-38 (1st Cir. 2021).

Petitioner did not, however, file an appeal of his removal order with the BIA by October 2, 2026, and his removal order thereby became final. On October 5, 2026, respondents filed their opposition to the petition, contending that petitioner is now detained pursuant to §1231(a)(2), and simultaneously moved to vacate the order of this Court prohibiting transfer of petitioner.

## II. Legal Standard

This Court may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§2241(c)(3). The petitioner bears the burden of demonstrating that his detention is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

Section 1226 governs detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). In this Circuit, a non-citizen detained pursuant to §1226(a) is entitled to a bond hearing at which the government must prove either dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence. Hernandez-Lara, 10 F.4th at 41.

Once a removal order becomes final, detention is governed by 8 U.S.C. §1231. An IJ's removal order becomes final upon expiration of the time allotted for an appeal if no appeal is filed. 8 C.F.R. §1241.1(c). The government must then remove the non-citizen within a 90-day "removal period," during which detention is mandatory. 8 U.S.C. §1231(a)(1)-(2). Detention is presumptively reasonable for up to six months following an order of removal. Zadvydas v. Davis, 533 U.S. 678, 701 (2001)

**III. Discussion**

Petitioner concedes that his removal order became final on October 2, 2026. He is currently detained within the 90-day removal period, during which detention is mandatory, see 8 U.S.C. §1231(a)(2), and that detention is well within the presumptively reasonable six-month period set forth in Zadvydas.

Thus, petitioner has failed to show that his current detention is unlawful.

The petition instead challenges only the adequacy of the September 18, 2026, bond hearing conducted under §1226(a). Because petitioner is now detained under §1231(a)(2), which makes no provision for bond, the Court is without authority to grant the relief he seeks. The claim is therefore moot.

Because the petition will be denied, the Court will allow respondents' motion to vacate without reaching their jurisdictional arguments under 8 U.S.C. §1252.

**ORDER**

For the foregoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **DENIED**, Respondents' motion to vacate (Docket No. 7) is **ALLOWED** and the Court's Service Order (Docket No. 4) is **VACATED**.

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 26, 2026